# Cases

# FIFTH DEPARTMENT,

## GENERAL TERM,

### February,* 1887.

---

JANE BISHOP, Administratrix, etc., of WILLIAM BISHOP, Deceased, Respondent, v. THE GRAND LODGE OF THE EMPIRE ORDER OF MUTUAL AID OF THE STATE OF NEW YORK, Appellant.

*Mutual aid association — 1879, chap. 189 — no claim can be made against the company unless a certificate has been issued designating the person to receive the payment.*

Chapter 189 of 1879, which incorporated the defendant for the purpose, among others, of aiding, assisting and supporting members or their families in case of want, sickness or death, authorized it to create, manage and disburse a beneficial fund sufficient to pay all losses and expenses incident to the corporation, for the relief of members and their families, under such conditions and regulations as might be adopted by the grand lodge; and that such beneficial fund might be set apart "to be paid over to the families, heirs or legal representatives of deceased or disabled members, or to such person or persons as such deceased member may, while living, have directed; and the collecting, managing and disbursement of the same, as well as the person or persons to whom, and the manner and time in which, the same shall be paid on the death of a member, shall be regulated and controlled by the rules and by-laws of the said grand lodge." The only by-law adopted by the defendant relating to this subject provides that each member of the order shall be entitled to a mutual aid certificate, which shall set forth the name and good standing of the member, the amount of benefit to be paid at death, and to whom payable, and that such certificate shall represent $2,000.

---

*Adjourned from January term, 1887.

Upon the trial of this action it appeared that the plaintiff's intestate, who was a member of the defendant corporation in good standing, died in February, 1886, without having received the certificate provided for in the said by-law.

*Held*, that the lack of such certificate was fatal to the plaintiff's action.

That as the statute itself designated no beneficiary, and as the defendant had, in accordance with the direction of the statute, provided in its by-law that the person to whom the fund should be payable on the death of a member shall be the person named in the certificate, such designation was a condition precedent to the defendant's liability.

APPEAL from a judgment in favor of the plaintiff entered on a decision made in this action, which was tried at the Erie Circuit by the court without a jury.

*Baker & Schwartz*, for the appellant.

*Truman C. White*, for the respondent

SMITH, P. J.:

The defendants were incorporated by chapter 189 of the Laws of 1879, for the purpose, among others, "to aid, assist and support members or their families in case of want, sickness or death." The plaintiff's intestate, who was a member of the defendant corporation, in good standing, died in February, 1886, leaving the plaintiff, his widow, and two minor children surviving him. The third section of the act provides that it shall be lawful for said corporation to create, hold, manage and disburse a beneficiary fund sufficient to pay all losses and expenses incident to the corporation, for the relief of members and their families of the lodges under the jurisdiction of the said grand lodge of the State of New York, working under and subordinate to said grand lodge, and such conditions and regulations as may be adopted by the said grand lodge.

The fourth section provides that such beneficiary fund as may be ordained suitable by said grand lodge may be provided and set apart to be paid over to the families, heirs or legal representatives of deceased or disabled members, or to such person or persons as such deceased member may, while living, have directed; and the collecting, managing and disbursement of the same, as well as the person or persons to whom, and the manner and time in which the sum shall be paid on the death of a member, shall be regulated and controlled by the rules and by-laws of the said grand lodge; and

by section 5 of said act the defendant was empowered to make, from time to time, such constitution, laws, by-laws, rules and regulations as it should judge proper for the management of its affairs. The only by-laws adopted by the defendant appearing in the case are sections 24 and 25 of chapter 6 of the general laws, so called.

Section 24 provides that each member of the order shall be entitled to a mutual aid certificate. Said certificate shall set forth the name and good standing of the member, the amount of benefit to be paid at death, and to whom payable, and such certificate shall be issued or caused to be issued by the grand lodge and signed by the president and secretary, with the seal of the subordinate lodge attached. Section 25 provides that the certificates issued shall represent $2,000.

It does not appear that any certificate provided for by the by-laws, above referred to, was ever issued to the intestate. The lack of such certificate, we conceive, is fatal to the plaintiff's action. The statute does not designate the beneficiary. It describes certain classes of persons who may be made beneficiaries, to wit: " The families, heirs or legal representatives of deceased or disabled members, or such person or persons as such deceased member may, while living, have directed," and it directs that the amount of the fund, and the person or persons to whom it shall be paid, *shall be regulated and controlled* by the rules and by-laws of the lodge. In accordance with that direction of the statute, the defendant has "regulated and controlled" the subject by providing in its by-law that the person to whom the fund shall be payable on the death of a member shall be the person named in the mutual aid certificate issued to such member. Thus, by the statute and the by-law, the designation in the certificate gives the sole right to the fund, and without such designation it is impossible to say that either, or which, of the persons or classes of persons mentioned in the fourth section of the act is entitled to the fund. Such designation is made the condition precedent of the defendant's liability.

The trial court found that the intestate was not guilty of any default or neglect of duty as a member of said order in not procuring a certificate. That finding does not aid the plaintiff. There is no finding or evidence that the lack of a certificate was owing to any neglect or omission of duty on the part of the defendant. If

the intestate had applied to the proper officer of the defendant to issue a certificate designating as the beneficiary a person named by the intestate, and the officer had unreasonably refused, it may be that the person so named would have had a right to recover on the death of the intestate; but that is a question not before us, and upon which we express no opinion.

The respondent's counsel contends that as there is no evidence that the intestate procured a certificate payable to any person other than his family, heirs or legal representatives, it is to be presumed, in the absence of proof to the contrary, that a certificate was issued payable as the statute provides it shall be payable. To this there are two answers. In the first place the statute, as we have seen, does not provide to whom the certificate shall be made payable, but remits that subject to the control and regulation of the corporation by its rules and by-laws. In the next place no presumption arises that the corporation issued a certificate to anyone. It was under no duty to do so, unless the intestate requested it and designated a person to whom it should be made payable, of which there is no evidence.

The charter and by-laws respecting the designation of the person to whom the beneficiary fund shall be made payable, were a part of the contract with the defendant, which the intestate entered into when he became a member, and as their provisions have not been complied with, the defendant is not liable. The defense does not rest, as the respondent's counsel seems to suppose, upon the objection that the present plaintiff is not the proper party, but it stands upon the ground that the defendant is not liable to anyone.

If these views are correct, it follows that the judgment should be reversed, and a new trial ordered, costs to abide the event.

HAIGHT and BRADLEY, JJ., concurred; BARKER, J., not voting.

Judgment reversed, and new trial ordered, costs to abide event.